# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

Olga Diaz Lopez,

            Plaintiff(s)

v.

Chipotle Mexican Grill, Inc.

            Defendant(s)

_____

Case No. _____

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Chipotle Mexican Grill, Inc. ("Defendant") gives notice of the removal of this cause of action from the District Court, Second Judicial District, County of Ramsey, Minnesota (the "State Court"), to this Court. Defendant states as grounds for removal:

## I.     PROCEDURAL STATUS OF CASE

1.     On December 3, 2018 Plaintiff Olga Diaz Lopez ("Plaintiff") commenced an action against Defendant in the State Court, captioned *Olga Diaz Lopez v. Chipotle Mexican Grill*, County of Ramsey, State of Minnesota (the "State Court Action"). The Complaint and Summons in the State Court Action is attached to this Notice of Removal as "**Exhibit A**."

2.     On December 3, 2018, Plaintiff purported to serve Defendant with a copy of a Summons and Complaint.

3.     To date, no process, pleadings, or orders related to this action other than the documents attached as **Exhibit A** have been served upon Defendant.

4.     Pursuant to 28 U.S.C. § 1446(a), Chipotle has attached all copies of pleadings and other papers it has received. It appears that Plaintiff has not yet filed her Complaint in the Second Judicial District Court, County of Ramsey, Minnesota as of the date of this Notice of Removal.

5.     Concurrent with this Notice of Removal Defendant filed its Answer to the Complaint, attached as "**Exhibit B**."

## II.     AUTHORITY FOR REMOVAL AND JURISDICTION OF THIS COURT

### a.     Federal Question Jurisdiction

6.     Pursuant to 28 U.S.C. Section 1441(a), Chipotle seeks to remove this action from the Second Judicial District Court, County of Ramsey, Minnesota. A defendant to a lawsuit may remove the case to federal court so long as original jurisdiction exists. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. This Court has original jurisdiction over the Complaint because it contains a claim that arises under the laws of the United States. *Id.* Specifically, Plaintiff has alleged a claim for a violation of the medical leave requirements under the Family Medical Leave Act ("FMLA"), a federal statute. (*See* Complaint, Count I, attached hereto as **Exhibit A**); *see also Gaming Corp. of America v. Dorsey & Whitney*, 88 F.3d 536, 542 (8th Cir. 1996) ("The presence of even one federal claim gives the defendant the right to remove the entire case to federal court.") It cannot be disputed that this Court has jurisdiction over Plaintiff's FMLA claim pursuant to 28 U.S.C. § 1331. *See Id.* ("The 'well-pleaded complaint rule' requires that a federal cause of action must be stated on the face of the complaint before the defendant

may remove the action based on federal question jurisdiction.") (*quoting Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)).

7. Plaintiff has alleged additional state law claims, including: pregnancy discrimination, reprisal, and estoppel. These state law claims arise out of the same operative facts as the FMLA claim. This Court also has supplemental jurisdiction over the additional state law claims because they "are so related to the claims in the action within such original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. These state law claims arise out of a common nucleus of operative facts as the FMLA claim. *Williams v. Ragone*, 147 F.3d 700, 703 (8th Cir. 1998). All claims derive from Plaintiff's termination from her employment at Chipotle. As such, the underlying state law claims are ones in which this Court has original jurisdiction, and may be removed to this Court because the Complaint concerns issues that arise under the laws of the United States. In accord with the strong policy favoring judicial efficiency and the fact that the claims arise from the same nucleus of operative facts, supplemental jurisdiction should be permitted in this action. 28 U.S.C. § 1367. Therefore, removal is proper.

    **b.**     **Diversity Jurisdiction**

8. This action is also removable on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441(a).

9. A defendant may remove any civil action brought in a state court for which the District Courts of the United States have original jurisdiction to the federal district court encompassing the county in which such action is pending. *See* 28 U.S.C. § 1441(a).

10. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this action by reason of complete diversity of citizenship of the parties and an amount in controversy which exceeds the sum or value of $75,000, exclusive of interest and costs.

11. <u>Plaintiff and Defendant Are Citizens of Different States.</u> As set forth in the Complaint, Plaintiff is a citizen of Minnesota. **Exhibit A**. Chipotle is a publicly traded company incorporated in the State of Delaware. (*See* Declaration of Michael McGawn, attached as "**Exhibit C**.") Chipotle's corporate offices (i.e., principal place of business) are in Denver, Colorado and Newport Beach, California. **Exhibit C**. Accordingly, Chipotle is a citizen of Delaware, Colorado and California. *See* 28 U.S.C. § 1332(c)(1). Therefore, diversity of citizenship exists between the parties. *See* 28 U.S.C. § 1332(a)(1).

12. <u>The Amount in Controversy Exceeds $75,000.</u> For the court to have original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), the amount in controversy must exceed the sum or value of $75,000. Plaintiff requests an award "in excess of $50,000, doubled under FMLA, and tripled for each violation of the Minnesota Human Rights Act; Awarding Plaintiff damages for past and future pain and suffering, tripled under the Minnesota Human Rights Act; Punitive damages in the amount of $25,000 against Defendant for each violation of law; Awarding Plaintiff her costs of suit, including attorneys fees." **Exhibit A**, Prayer for Relief. An objective, good-faith estimate of the value of Plaintiff's claims indicates that, if she prevails, she is likely to recover in excess of $75,000.[1] Based on the damages Plaintiff seeks to recover and case law where plaintiffs

---

[1] Chipotle does not concede that plaintiff is likely to prevail on any of the asserted claims or that, if plaintiff does prevail on any of the asserted claims, she is entitled to any damages, punitive damages, attorneys' fees or other relief. Chipotle reserves the right to dispute, and to defend against, the asserted claims, both with regard to liability and all forms of requested

have sought and recovered similar damages based on similar claims, it is clear that the amount in controversy easily exceeds $75,000. For four different claims, Plaintiff seeks to recover lost past and future pay loss and benefits; past and future pain and suffering; punitive damages; all attorney fees; all costs, and any other relief the Court deems equitable. **Exhibit A**, Prayer for Relief.

13. *Lost Past and Future Pay Loss*. Under the MHRA, Plaintiff would be entitled to back pay as a component of her monetary damages. Minn. Stat. §363A.29, subd. 4(a); *Ray v. Miller Meester Adver., Inc.*, 684 N.W.2d 404, 408 (Minn. 2004). Back pay is subject to trebling under the MHRA. Minn. Stat. §363.29A, subd. 4(a); *Ray*, 684 N.W.2d at 408. "To determine whether . . . the amount in controversy is greater than $75,000, a court may consider . . . treble damages." *Gabrielson v. Hartfor Co.*, No. 08-123 (DSD/SRN), 2008 WL 1745660, at *1 (D. Minn. Apr. 11, 2008) (citing *Zunamon v. Brown*, 418 F.2d 883, 887 n.5 (8th Cir. 1969)). Under the MHRA, a plaintiff may also obtain front pay. *See, e.g., Ray*, 684 N.W.2d at 408. Many courts use at least one year of front pay for purposes of calculating the amount in controversy. *See, e.g., Martin v. Advance Stores Co., Inc.*, No. 8:13CV341, 2014 WL 320462, at *3 (D. Neb. Jan. 29, 2014) (holding that plaintiff may reasonably seek front pay for at least one year when calculating front pay for amount in controversy); *Riffert v. Walgreen Co.*, NO. 4:07CV1912, 2008 WL 495643, at *2 (E.D. Miss. Feb. 20, 2008) (stating that front pay would presumably increase the amount in controversy by several years of wages); *Stavenger v. Jay Ryan Enterprises, Inc.*, No. 07-

---

damages and relief. *See Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (to establish the jurisdictional amount, a removing defendant need not concede liability for that amount).

5

3514 ADM.RLE, 2008 WL 906794, at *2 (D. Minn. Apr. 3, 2008) (awarding $15,000, which amounted to about a year and a half of wages, for plaintiff's pregnancy discrimination claim). Once again, front pay is subject to the MHRA's trebling provision. *Ray*, 684 N.W.2d at 408; *Gabrielson,* 2008 WL 1745660, at *1 (stating that the court may consider treble damages for amount in controversy). Plaintiff is claiming lost past and future pay loss and benefits in excess of $50,000. Trebling those claimed damages exceeds the $75,000 amount in controversy requirement.

14. *Punitive Damages*. Plaintiff claims she is entitled to punitive damages. **Exhibit A**, Prayer for Relief. The amount in controversy includes punitive damages for removal purposes. *See Allison v. Security Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992). The MHRA permits plaintiffs to recover up to $25,000 in punitive damages. Minn. Stat. § 363A.29, subd. 4. Plaintiff's Complaint specifies that she seeks punitive damages in the amount of $25,000 for each violation of law. Thus, seeking $25,000 for each of the counts pled. Plaintiff's claim for punitive damages adds an additional $100,000 to the amount in controversy.

15. *Attorney Fees*. Plaintiff seeks to recover all attorney fees. **Exhibit A**, Prayer for Relief. These are included in the calculation of the amount in controversy. *See State of Missouri ex rel. Pemiscot County, Mo. V. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995); *Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992); *Allison*, 980 F.2d at 1215. It is unlikely that Plaintiff would incur less than $75,000 in attorney fees if her claims were to proceed through trial.

16. Plaintiff's requested damages far exceed the amount in controversy requirement. When the potential costs of pain and suffering are added to Plaintiff's claims

6

for lost pay and future pay loss, punitive damages and attorney fees, it becomes more likely than not that the amount in controversy in this lawsuit exceeds $75,000. Accordingly, Defendant has demonstrated by a preponderance of the evidence that the damages alleged exceed the amount in controversy requirement.

## IV.   THIS NOTICE IS TIMELY

17.   Defendant was served with a Summons and copy of Plaintiff's Complaint on December 3, 2018.  This Notice of Removal is timely because it was filed within 30 days after Defendant was served with the Summons and Complaint in this action.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (holding that 30-day period to remove runs from the service of the summons and complaint).

## V.   VENUE OF REMOVED ACTION

18.   The United States District Court for the District of Minnesota is the United States district court for the district embracing the state court where this action is pending.  Accordingly, venue is proper in this Court under 28 U.S.C. § 1441(a).

## VI.   NOTICE TO THE STATE COURT

19.   A copy of this Notice of Removal is being served on all parties and will be filed with the clerk of the State Court pursuant to 28 U.S.C. § 1446(d).

## VII.   NON-WAIVER OF DEFENSES

20. Defendant expressly reserves all defenses. By removing the action to this Court, Defendant does not waive any rights or defenses available under federal or state law. Defendant expressly reserves the right to move for dismissal of the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit.

WHEREFORE, Defendant removes the above-captioned action from the State Court to the United States District Court for the District of Minnesota.

Dated: December 21, 2018  **MADEL PA**

By  */s/ Mack H. Reed*
Mack H. Reed (398703)
Stephen M. Premo (393346)
800 Hennepin Avenue
800 Pence Building
Minneapolis, MN 55403
Phone: (612) 605-0630
Fax: (612) 326-9990
mreed@madellaw.com
spremo@madellaw.com

*Attorneys for Defendant Chipotle Mexican Grill, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2018, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served via U.S. mail upon the following parties:

>Martin B. Ho
>STINGLEY & HO, P.L.L.P.
>222 S. 9th St., Suite 1600
>Minneapolis, Minnesota 55402
>
>Michael L. Puklich
>NEATON & PUKLICH, P.L.L.P
>7975 Stone Creek Drive, Suite 120
>Chanhassen, Minnesota 55317
>
>*Attorneys for Plaintiff*

**MADEL PA**

By: */s/ Mack H. Reed*
Mack H. Reed (398703)
800 Hennepin Avenue
800 Pence Building
Minneapolis, MN 55403
Phone: (612) 605-0630
Fax: (612) 326-9990
mreed@madellaw.com