# EXHIBIT A



## NOTICE OF SERVICE OF PROCESS

**Entity Served:** CHIPOTLE MEXICAN GRILL OF COLORADO, LLC
**Received in:** Minnesota

COGENCY GLOBAL INC. received the enclosed document on behalf of the above named entity. As the appointed registered agent or agent for service of process for the entity, we are forwarding the document to you.

**Client Group:** CHIPOTLE MEXICAN GRILL, INC.
**SOP Number:** SP629797
**Document Type:** Summons & Complaint
**Date of Service:** December 03, 2018
**Service Method:** Personal
**Court:** In the Second Judicial District Court, County of Ramsey, Minnesota
**Document Caption:** Olga Diaz Lopez vs. CHIPOTLE MEXICAN GRILL
**Case Number:** N/A

**Original Being Sent To:** Bryant "Corky" Messner
Messner Reeves LLP
1430 Wynkoop Street
Suite 300
Denver, CO 80202

**Delivery Method:** FedEx
**Tracking Number:** 773865584033

### Important Reminders

An electronic copy of the enclosed document is available for viewing at www.entitycentral.com. If you have any questions or concerns, please contact us at SOP@COGENCYGLOBAL.COM or 866.621.3524.

*This notice and, if applicable, document link (together, the "Notice") is being sent to, and is intended for, the contact designated in COGENCY GLOBAL INC.'s records to receive service of process. We are not responsible for any loss, injury, claim, liability, or damage arising from your use of or reliance on the information contained within the Notice, including, but not limited to, any error or omission in the information contained within the Notice or from any subsequent transmission or third-party access to the Notice. This Notice should be reviewed by your legal and/or tax advisors, and questions concerning whether or how to respond to any document received by us on your entity's behalf should be directed to them. The information contained in the transmittal portion of the Notice is solely for informational purposes, is not a substitute for legal or tax advice, and cannot be relied on to provide complete information.*

STATE OF MINNESOTA                                DISTRICT COURT

COUNTY OF RAMSEY                              SECOND JUDICIAL DISTRICT

---

OLGA DIAZ LOPEZ,

                               PLAINTIFF,

v.                                                      **SUMMOMS**

CHIPOTLE MEXICAN GRILL.

                               DEFENDANT.

---

THIS SUMMONS IS DIRECTED TO DEFENDANTS ABOVE-NAMED.

    1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the court and there may be no court file number on this Summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

                               Martin B. Ho
                               **STINGLEY & HO, P.L.L.P.**
                               222 S. 9th St., Suite 1600
                               Minneapolis, Minnesota 55402
                               Tel. (612) 332.1622

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

    **5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

    **6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: December 3, 2018    **STINGLEY & HO, P.L.L.P.**
Martin B. Ho, (#283022)
222 S. 9th St., Suite 1600
Minneapolis, Minnesota 55402
Tel. (612) 332.1622

*/s/ Martin B. Ho/*

**NEATON & PUKLICH, P.L.L.P.**
Michael L. Puklich (#0250661)
7975 Stone Creek Drive, Suite 120
Chanhassen, MN 55317
Tel. (952) 258.8444

Attorneys for Plaintiff Olga Diaz Lopez

2

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

OLGA DIAZ LOPEZ,

          PLAINTIFF,

v.

CHIPOTLE MEXICAN GRILL.

          DEFENDANT.

**COMPLAINT**
**JURY DEMAND**

OLGA DIAZ LOPEZ, for her Complaint against Defendant, states and alleges as follows:

## JURISDICTION

1. This case is brought pursuant to the Family Medical Leave Act, 29 U.S.C. §§ 2601, et seq., specifically §§ 2615(a)(1) & (2), the Minnesota Human Rights Act, 363A.01 et seq., the Minnesota Whistlebower Act and Minnesota Common Law.

## PARTIES

2. Plaintiff Olga Diaz Lopez is a resident of Minnesota who worked for Defendant intermittently, most recently as a general manager from 2010 until June 7, 2016. Defendant is a Delaware corporation. Defendant is an employer to which FMLA applies and Plaintiff was an FMLA eligible employee. Defendant is an employer to which the Minnesota Human Rights Act applies and Plaintiff was an eligible employee. Cogency Global is the agent to accept service. All judicial prerequisites have been met. A right to sue was sent on October 17, 2017 by the MDHR.

1

## FACTS

3.  Plaintiff was a general manager for Defendant. Part of her job duties in working for Defendant are to make sure that she follows Defendant's food safety protocols to make sure that she or others are not working when they are sick.

4.  In May of 2017, Plaintiff's son, Samuel, was sick, so under Chipotle's food safety protocols, Plaintiff had to be out for 3 days.

5.  Plaintiff was pregnant and had been placed on 40 hour a week restrictions by her doctor. (General managers have to sign pieces of paper that they will work 50 hours a week.)

6.  In May 2017, Plaintiff had also asked for pregnancy leave to start in July, which had been certified under FMLA.

7.  While she was out on leave because her son was ill, Plaintiff was contacted by her substitute area manager, Michelle Ellis. An employee of Plaintiff's Mr. Koty Hickman had thrown up at work and been sent home right away.

8.  Plaintiff said she did not want to terminate Mr. Hickman without doing any investigation. The manager agreed that would be fine.

9.  When Plaintiff contacted Mr. Hickman, he said that he had gotten sick at work. All the employees confirmed this during Ms. Diaz's investigation.

10. Because of the results of the investigation, Plaintiff did not fire Mr. Hickman.

11. A few days later, Ms. Diaz Lopez was fired by a Chipotle witness who had no first-hand information about Mr. Hickman's health. To the best of Ms. Diaz Lopez's knowledge the only one who spoke to the witnesses was her.

12. The week before, Plaintiff was working at another store on the line in Hudson. A coworker went to the bathroom and threw up. No one was fired. The manager was male, not pregnant and had not requested FMLA leave.

13. Plaintiff is damaged by Defendant's actions, including, but not limited to having lost wages and benefits and damages for pain and suffering damages in excess of $50,000.

## COUNT ONE
## VIOLATIONS OF FMLA
## INTERFERENCE, ENTITLEMENT & RETALIATION

Plaintiff incorporates all the foregoing allegations as if restated herein.

14. Defendant violated the Family Medical Leave Act, by terminating Plaintiff for exercising her FMLA rights and by otherwise interfering with her exercise of her FMLA rights, specifically including, but not limited to, by retaliating against her for requesting FMLA leave. Defendant both interfered with Plaintiff's exercise of the rights she was entitled to under the statute and retaliated against her for requesting FMLA leave in violation of FMLA, 29 U.S.C. §§ 2601, et seq,. specifically §§ 2615(a)(1) & (2).

15. Plaintiff is damaged by Defendant's conduct in an amount as yet to be determined, but believed to exceed $50,000.

## COUNT TWO
## PREGNANCY DISCRIMINATION IN VIOLATION OF
## THE MINNESOTA HUMAN RIGHTS ACT
## MINN. STAT. § 363A.01, ET SEQ.

Plaintiff incorporates all the foregoing allegations as if restated herein.

16. During all relevant times herein, Plaintiff was an "employee" within the meaning of Minn. Stat. § 363A.03, subd. 15, and Defendant was his "employer" within the meaning of Minn. Stat. § 363A.03, subd. 16.

3

17. The Minnesota Human Rights Act provides that it is an unfair employment practice for an employer to discharge or otherwise discriminate against an employee with respect to the terms, compensation, conditions, facilities, or privileges of employment because of the employee's pregnancy. Minn. Stat. § 363A.08, subd. 2.

18. By its conduct as described above, Defendant violated Minn. Stat. § 363A.01, et seq.

19. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer loss of income, emotional distress, and other damages in an amount in excess of $50,000.00.

**COUNT THREE**
**REPRISAL IN VIOLATION OF**
**THE MINNESOTA HUMAN RIGHTS ACT**
**MINN. STAT. § 363A.01, ET SEQ.**

Plaintiff incorporates all the foregoing allegations as if restated herein.

20. During all relevant times herein, Plaintiff was an "employee" within the meaning of Minn. Stat. § 363A.03, subd. 15, and Defendant was his "employer" within the meaning of Minn. Stat. § 363A.03, subd. 16.

21. The Minnesota Human Rights Act provides that it is an "unfair discriminatory practice for any individual who participated in the alleged discrimination as a perpetrator, employer, labor organization, employment agency, public accommodation, public service, educational institution, or owner, lessor, lessee, sublessee, assignee or managing agent of any real property, or any real estate broker, real estate salesperson, or employee or agent thereof to intentionally engage in any reprisal against any person because that person . . . (1) opposed a practice forbidden under this chapter or has filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter . . ." Minn. Stat. §

363A.15. The Act also forbids retaliating against an employee for requesting leave and/or an pregnancy accommodation.

22.  By its conduct as described above, Defendant violated Minn. Stat. § 363A.15.

23.  As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer loss of income, emotional distress, and other damages in an amount in excess of $50,000.00.

## COUNT FOUR
## ESTOPPEL

Plaintiff incorporates all the foregoing allegations as if restated herein.

24.  The manger said it was fine to conduct an investigation. Ms. Diaz Lopez relied on this promise, her reliance was reasonable and this promise needs to be enforced to prevent injustice.

25.  Plaintiff should be equitably stopped from arguing that Plaintiff should have terminated Mr. Hickman.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1.  Declaring Defendant's actions to be willful violations of the law;

2.  Awarding Plaintiff damages for lost past and future pay loss and benefits in an amount in excess of $50,000, doubled under FMLA, and tripled for each violation of the Minnesota Human Rights Act;

3.  Awarding Plaintiff damages for past and future pain and suffering, tripled under the Minnesota Human Rights Act;

4.  Punitive damages in the amount of $25,000 against Defendant for each violation of law;

5.  Awarding Plaintiff her costs of suit, including attorneys fees;

6.  For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by jury on issues triable to a jury.**

Dated: December 3, 2018

STINGLEY & HO, P.L.L.P.

Martin B. Ho, #283022
222 South Ninth Street, Suite 1600
Minneapolis, Minnesota 55402
Tel. (612) 332-1622


**NEATON & PUKLICH, P.L.L.P.**
Michael L. Puklich, #0250661
7975 Stone Creek Drive, Suite 120
Chanhassen MN 55317
Tel. (952) 258-8444

Attorneys for Plaintiff Olga Diaz Lopez

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.21, subd. 2, to the party against whom the allegations in this pleading are asserted.

Martin B. Ho